## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY GORDON et al.** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION** |
| | **:** | **NO. 21-1911** |
| **ARCH INSURANCE COMPANY** | **:** | |
| | **:** | |

**McHugh, J.**                                                                                    **May 28, 2021**

### MEMORANDUM

This is a putative class action filed on behalf of individuals who cancelled travel due to the coronavirus pandemic and whose travel insurance claims were denied by Defendant Arch Insurance Company[1]. Defendant has moved to dismiss. For the following reasons, the motion will be granted in part and denied in part.

### I.      Legal Standard

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

### II.      Discussion

#### a.  The Burnett Breach of Contract Claim

Plaintiff Burnett is a resident of Texas. *See* Am. Compl. ¶ 14, ECF 7. He purchased travel from Dallas, Texas to Paris, France for a tour from France to the Netherlands. *Id.* ¶ 31. The tour

---

[1] I exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) as modified by the Class Action Fairness Act of 2005. This case was originally filed in the Western District of Pennsylvania, where Defendant filed a motion to dismiss in December 2020. After the plaintiffs residing in that district voluntarily dismissed their case, this action was transferred to this Court pursuant to 28 U.S.C. § 1404(a) on April 26, 2021. ECF 34. Venue in the Eastern District is proper, as two of the three named Plaintiffs reside in the District and their insurance policies were purchased in the District. *See* 28 U.S.C. § 1391(a)(2)

was scheduled for March 18, 2020 until March 31, 2020. *Id.* Plaintiff purchased a travel insurance policy underwritten by Defendant. *Id.* ¶ 4. On March 7, 2020, Plaintiff cancelled his trip due to the coronavirus pandemic. *Id.* ¶ 32. Plaintiff was refunded for some, but not all, of the price of his trip by the tour company. *Id.* ¶ 31. On March 12, 2020, Plaintiff submitted a claim to Defendant and the claim was denied on April 9, 2020. *Id.* ¶¶ 33-34.

Plaintiff's insurance policy guarantees reimbursement "up to the Maximum Benefit Amount" when the purchaser cancels the trip "prior to departure for a covered Unforeseen reason." *See* Individual Travel Protection Policy, Def. Mot. to Dismiss Exh. B, ECF 23-2 at 4.[2] The policy enumerates covered reasons for cancellation, including as pertinent here, "being . . . quarantined." *Id.* at 5. The term "quarantine" is not defined in the policy. Plaintiff argues that he was quarantined and that he therefore should have been reimbursed under the terms of the policy. Defendant argues that Plaintiff was not "quarantined" according to the common meaning of that word, and that denial of the claim was proper.

Under Pennsylvania's choice of law principles, the insurance policy should be interpreted under Texas law, as "the state where the policy of insurance was contracted and delivered." *McMillan v. State Mut. Ins. Co.*, 922 F.2d 1073, 1074-75 (3d Cir. 1990) (citing *Faron v. Penn Mutual Life Ins. Co.,* 176 F.2d 290, 292 (3rd Cir.1949)).

Under Texas law, "when a term [in an insurance policy] is susceptible to multiple reasonable interpretations, then it is ambiguous." *Crose v. Humana Ins. Co.*, 823 F.3d 344, 348 (5th Cir. 2016) (citations omitted). When a term is ambiguous, "the term is to be 'construed

---

[2] Defendants included copies of the relevant insurance contracts as exhibits to their motion. The contracts may properly be considered even though they were not attached to the Complaint, as documents "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Plaintiffs stated that they "do not dispute the authenticity of this exhibit" or the second travel policy discussed below. Pl. Resp. Opp. to Def. Mot. to Dismiss at 2, ECF 27.

liberally in favor of the insured and strictly against the insurer.'" *Id.* (quoting *Kelly Assocs., Ltd. v. Aetna Cas. & Sur. Co.*, 681 S.W.2d 593, 596 (Tex. 1984)). The ambiguity of a term in an insurance policy "is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus. Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).

It would be premature to dismiss Plaintiff's claim based on Defendant's proffered definition. Indeed, even though the meaning of the word "quarantine" is a legal question, ascertaining when government orders were instituted by state and national government in the United States and in Europe, and the extent to which they restricted individual movement, is a factual inquiry that will shed light on the question. *See J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 361 (3d Cir. 2004) (citing record evidence and depositions in reaching its legal conclusion about a term's definition in an insurance policy). Accordingly, Defendant's motion is denied as to Plaintiff Burnett's breach of contract claim.

### b. The Declaratory Judgment Claim

Plaintiff additionally seeks declaratory judgment regarding the meaning of "being quarantined" within Defendant's insurance policy. Defendant argues that the claim for declaratory relief is duplicative of Plaintiff's contract claims and should be dismissed. *See* Def. Mot. to Dismiss at 15, ECF 23.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Declaratory Judgment is often used to clarify terms of insurance contracts. *See, e.g.*, *J.C. Penney Life Ins. Co.*, 393 F.3d at 359. As I have previously held, dismissing declaratory judgment claims prematurely can unfairly eliminate the possibility of class-

wide relief, rendering speculation about duplicative relief inappropriate at the inception of a case. *See Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 422 (E.D. Pa. 2016). The same is true here, and I will therefore not dismiss this claim.

### c. The Gordon Breach of Contract Claim

Plaintiffs Cindy and Jeffrey Gordon are residents of Pennsylvania. *See* Am. Compl. ¶ 13. They purchased travel from Philadelphia to Barcelona, Spain for a tour from Spain to Italy. *Id.* ¶ 3. The trip was scheduled for July 16, 2020 until July 26, 2020. *Id.* The Gordons also purchased an Individual Travel Protection Policy. *Id.* Portions of this policy came directly from the cruise company, and other portions were underwritten by Defendant. *See* Mot. to Dismiss Exh. A, ECF 23-1. Sometime before April 1, 2020, Plaintiffs cancelled their trip due to the COVID-19 pandemic. Am. Compl. ¶¶ 26-28. On April 1, 2020, Plaintiff submitted a claim to Defendant, which was denied. *Id.* ¶¶ 28-30.

The Gordon Plaintiffs concede that the "Trip Cancellation" portion of their contract was not underwritten by Defendant, and thus consent to dismissal of that portion of their Complaint. *See* Pl. Resp. Opp. Mot. to Dismiss, ECF 27 at 1. As to the remainder of Plaintiff's claim under the terms of the contract, Defendant is entitled to dismissal as well. It underwrote the portion of the policy covering "Trip Interruption," "Trip Delay," and other events that could only take place during the trip itself. *See* Mot. to Dismiss Exh. A at 5-10. The policy is explicit in that regard. *See id.* at 7 (explaining "Trip Delay" coverage as beginning "while en route to" the trip, and "Trip Interruption" as occurring "while You Are on Your Trip."). Because Plaintiffs never began their trip, they have not alleged any facts that would give rise to a claim under the literal terms of the contract. Dismissal is therefore warranted.

### d. The Gordon Unjust Enrichment Claim

Separate from their claim under the terms of the contract, the Gordon Plaintiffs allege that they are entitled to reimbursement of a portion of their premiums under the theory of unjust enrichment. Am. Compl. ¶¶ 99-104. Plaintiffs' policy was automatically terminated when they cancelled their trip. *See* Mot. to Dismiss Exh. A at 13. As discussed above, the insurance policy explicitly covered multiple events that could only occur post-departure. Because the policy was cancelled before departure took place, Plaintiffs allege that Defendant was never exposed to any risk covered by the post-departure provisions of the policy, and thereby received a windfall.

Defendant argues that under Pennsylvania law, Plaintiffs cannot bring an unjust enrichment claim where the relationship is controlled by contract. *See Wilson Area School Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006). Plaintiffs argue that unjust enrichment is properly pleaded as an alternative theory of liability, but additionally argue that where a premium was not earned by exposure to any risk, there is a lack of consideration calling the validity of the contract into question, creating a pathway to equitable relief. In support of this theory, Plaintiff contends that the duty of insurers to return unearned premiums is "contractual or quasi-contractual in nature" and cites several insurance treatises to that effect. *See* 5 Couch on Insurance § 79:6; 44 Am. Jur. 2d, Insurance § 917.

As I have previously held, even where a plaintiff has averred a contract, it is possible that a plaintiff can "also pursue a claim for unjust enrichment as an alternative theory of liability." *V2 Life Sols., LLC v. Aesthetics Biomedical, Inc.*, No. 21-106, 2021 WL 859427, at *3 (E.D. Pa. Mar. 8, 2021). The same is true here. Dismissal of this claim would be premature at this early stage and without fuller development of the record.

## III. Conclusion

In short, I am persuaded that development of the record is necessary to address the issues raised by this case. Except for the Gordon Plaintiffs' breach of contract claim, Defendant's motion is denied. An appropriate order will follow.

/s/ Gerald Austin McHugh
United States District Judge
